UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NEIL THOMAS HAYES, JR.,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

CASE NO. 2:17-cv-00910-DWC

ORDER REVERSING AND
REMANDING THE
COMMISSIONER'S DECISION TO
DENY BENEFITS

Plaintiff Neil Thomas Hayes Jr. filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to discuss significant and probative evidence contained in Plaintiff's January 2015 treatment notes from SeaMar Burien Medical ("January 2015 treatment notes"). Had the ALJ properly considered the objective medical evidence, the residual functional capacity

("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On July 15, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of February 23, 2013. *See* Dkt. 10, Administrative Record ("AR") 17. The applications were denied upon initial administrative review and on reconsideration. *See id.* A hearing was held before ALJ Mary Gallagher Dilley on January 13, 2015. *See* AR 38-64. In a decision dated February 3, 2016, the ALJ determined Plaintiff to be not disabled. *See* AR 17-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ failed to: (1) properly evaluate the medical evidence and (2) properly assess Plaintiff's RFC. Dkt. 13 at 1-2. Plaintiff asks the Court to remand for award of benefits.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I. **Whether the ALJ properly rejected significant probative objective medical evidence.**

Plaintiff contends the ALJ erred when she failed to address objective medical evidence found in Plaintiff's January 2015 treatment notes. Dkt. 13 at 4-5. Specifically, Plaintiff alleges these treatment notes demonstrate Plaintiff has neck impairments, resulting in limited movement of his head and neck, and also has anxiety and psychological issues. Dkt. 13 at 4-5.

A. Neck Impairments

Plaintiff maintains the ALJ erred when she failed to address a portion of the January 2015 treatment notes related to Plaintiff's neck impairment. Dkt. 13 at 4-5. Plaintiff asserts the ALJ failed to consider two pieces of evidence which indicate: (1) surgery left Plaintiff unable to look down or move his neck from left to right and (2) Plaintiff has five degrees of flexion and extension of the neck and is unable to turn his head from side to side. Dkt. 13 at 4 (citing AR 817, 819).

Defendant contends the ALJ considered this evidence since the ALJ decision states the "ALJ considered all the treatment records, including the January 2015 treatment note[s.]" Dkt. 15 at 3-5 (citing AR 17). Although the ALJ did discuss a portion of these notes, the ALJ failed to discuss the entirety of these records. *See* AR 26. The ALJ did find Plaintiff was treated for "other impairments," but made no reference to the notes within the medical records indicating physical limitations arising from neck issues and concluded Plaintiff's list of medical problems and complaints did not include neck impairments or musculoskeletal issues. *Id.* Plaintiff correctly points out, the same treatment notes also indicate: (1) surgery left Plaintiff unable to look down or move his neck from left to right and (2) Plaintiff has five degrees of flexion and extension of the neck and was unable to turn his head from side to side. AR 817-819.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 3

The ALJ stated she did account for Plaintiff's opined limitations, however, the RFC does not expressly contain any limitations reflecting restrictions or limitations regarding head or neck movement. AR 24-25. Nor does the ALJ explain how the RFC accounts for the evidence regarding neck impairments. *Id.* Instead, the ALJ found Plaintiff can:

> [L]ift and carry ten pounds frequently and twenty pounds occasionally. He can stand for six hours in an eight-hour workday with normal breaks, and can sit for a total of six hours in the same period. He cannot climb ladders, rope, and scaffolding. He can frequently climb ramps and stairs. He can occasionally stoop, kneel, crouch and crawl. He cannot reach overhead and can frequently finger with the left (non-dominant) extremity. He should avoid concentrated exposure to vibration and hazards. He can adequately perform simple and complex tasks.

AR 24. The vocational expert testified a limitation in rotating one's head up and down or left to right would impact job performance as the individual would be required to minimize head movement, and consequently, the individual would have difficulty maintaining pace or production expectations. AR 62. Thus, Plaintiff's neck impairments are related to his ability to be employed, and are therefore significant, probative evidence.

As a result, the ALJ failed to discuss significant, probative evidence and engaged in a selective analysis of the record, which is improper. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (the Commissioner "may not reject 'significant probative evidence' without explanation"); *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("the ALJ improperly cherry-picked some of [the doctor's] characterizations of [claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment") (citations omitted). It is error for the ALJ to selectively focus on evidence that tends to suggest a plaintiff is not disabled. *See Edlund,* 253 F.3d at 1159; *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion). The ALJ failed to discuss findings on Plaintiff's neck limitations

from the January 2015 treatment notes and failed to discuss the objective medical evidence supporting Plaintiff's neck limitations. *Miranda v. Colvin,* 2015 WL 917627, at *4 (W.D. Wash. Mar. 3, 2015) (ALJ erred when he failed to discuss objective medical evidence supporting degenerative disc disease).

Defendant argues Plaintiff's neck impairments were not disabling for several reasons: Plaintiff's improvement with treatment, lack of prescription pain medication, the unremarkable objective examinations and diagnostic imaging results, his strenuous daily activities, and his failure to follow treatment recommendations. Dkt. 15 at 3-5. The Court may draw reasonable inferences from the ALJ's opinion, but cannot consider Defendant's post hoc rationalizations about what the ALJ considered. *See Magallanes v. Bowen,* 881 F.2d 747, 775 (9th Cir. 1989). Here, the Court cannot determine if the ALJ properly considered all of evidence regarding Plaintiff's neck limitations, or simply ignored the evidence and limitations. Thus, the Court finds the ALJ erred. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

1        The ALJ's failure to discuss portions of Plaintiff's January 2015 treatment notes resulted

2 in an incomplete RFC. These notes demonstrate Plaintiff is unable to look down or move his

3 head from side to side. AR 818, 819. The RFC does not include any limitations regarding

4 Plaintiff's head or neck movement. AR 25-26. As discussed above, the vocational expert testified

5 that a limitation in rotating one's head up and down or left to right would impact job

6 performance. AR 62. Had the ALJ properly considered the January 2015 treatment notes

7 regarding Plaintiff's neck impairments, the ALJ may have included additional limitations in the

8 RFC. As the ultimate disability determination may change, the ALJ's failure to discuss all

9 evidence presented in the January 2015 treatment notes is not harmless and requires reversal.

10    B. <u>Mental Impairments</u>

11       Plaintiff next argues the ALJ mistakenly indicated there were no records of

12 "psychological issues" in 2015, when the January 2015 treatment notes demonstrated Plaintiff

13 had "moderately severe anxiety and depression" and symptoms of: "loss of interest, fatigue, poor

14 concentration, insomnia, appetite change, excessive worry, sense of failure, irritability,

15 nervousness," ("other psychological issues"). Dkt. 13 at 4 (citing AR 817). Defendant does not

16 dispute Plaintiff has depression and anxiety, and concedes the record shows Plaintiff had

17 psychological issues in 2015. Dkt. 15 at 5. However, Defendant argues this does not establish

18 harmful error. Dkt. 15 at 5.

19       The Court notes Plaintiff has not cited to any mental limitations contained in the January

20 2015 treatment notes and has not identified harmful error in the ALJ's failure to consider

21 Plaintiff's psychological issues as noted in the January 2015 treatment notes. However, as the

22 ALJ must re-evaluate the January 2015 treatment notes regarding Plaintiff's neck impairments,

23

24

the Court directs the ALJ to re-evaluate the entirety of the January 2015 treatment notes, including any treatment notes related to Plaintiff's mental impairments.

## II. Whether the ALJ properly assessed Plaintiff's RFC and presented a complete hypothetical question to the vocational expert.

Plaintiff contends the ALJ failed to properly assess his RFC because she failed to address Plaintiff's testimony that he could not get out of bed three to four times in a six-month period due to neck pain. Dkt. 13 at 5-6. Plaintiff also contends the ALJ failed to present a complete hypothetical to the vocational expert. Dkt. 13 at 5-7. Plaintiff has not challenged the ALJ's symptom evaluation, and therefore, has waived any such claim. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (argument not made in party's opening brief deemed waived). However, as Defendant correctly argues, the ALJ's symptom evaluation remains significant because it undermines Plaintiff's argument the ALJ should have included additional functional limitations in the RFC.

At the hearing, Plaintiff did testify that in the past six months, there were three to four times in which he could not get out of bed. AR 54. But, the ALJ discussed Plaintiff's subjective symptom testimony, including the limitation regarding Plaintiff's inability to get out of bed. *See* AR 24-25 (ALJ noted Plaintiff "described ongoing pain symptoms in his neck, which prevented him from getting out of bed several times per month"). The ALJ then rejected Plaintiff's symptom testimony as inconsistent with the objective medical evidence, Plaintiff's improvement with treatment, Plaintiff's daily activities, and Plaintiff's failure to pursue follow-up treatment, AR 24-26, which is supported by substantial evidence, *see* AR 547, 755-56, 621-626, 631, 588-59, 785, 782, 829.

Here, Plaintiff has not shown error in the ALJ's decision with respect to Plaintiff's testimony that he was unable to get out of bed three to four times in the past six months – either

with respect to the ALJ's symptom evaluation or the RFC assessment. And even if the ALJ erred when she allegedly failed to consider Plaintiff's symptom testimony, Plaintiff has not shown why such an error is not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("'[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.'")). Plaintiff fails to offer any explanation nor has he cited to any evidence in the record which suggests his inability to get out of bed three to four times during a six month period would impair his ability to function beyond the limitations included the ALJ's RFC. It is Plaintiff's duty to show his inability to get out of bed had more than a minimal effect on his ability to perform work duties. As such, any error was harmless. *Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007); (*Collins v. Astrue,* 2009 WL 112863, at *5 (W.D. Wash. Jan.14, 2009) (error harmless "because there is no medical evidence in the record that plaintiff's headaches caused him any work-related limitations"). Nonetheless, as discussed on above, on remand the ALJ must re-evaluate the January 2015 treatment notes. Thus, the ALJ must also reconsider Plaintiff's subjective symptom testimony as necessitated by further consideration of the January 2015 treatment notes.

**III. Whether the case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 13. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be

credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the objective medical evidence to determine if Plaintiff is capable of performing jobs existing in significant numbers in the national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 21st day of December, 2017.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 9